UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                    :
ESTEPHANY LOPEZ,                                    :
                                                    :
                              Plaintiff,            :
                                                    :
            -v-                                     :        26 Civ. 3794 (JPC)
                                                    :
STAFFING BOUTIQUE INC. and MEDRITE LLC,             :        ORDER OF SERVICE
                                                    :
                              Defendants.           :
                                                    :
------------------------------------------------------------------------X

JOHN P. CRONAN, United States District Judge:

Plaintiff Estephany Lopez, who is proceeding *pro se*, brings this action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.*; the New York State Human Rights Law, N.Y. Exec. Law §§ 290 *et seq.*; and the New York City Human Rights Law, N.Y.C. Admin. Code §§ 8-101 *et seq.*  She alleges that her employers discriminated against her based on her sex.  By Order dated May 13, 2026, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.  For the reasons that follow, the Court now directs service on Defendants.

## I.  Discussion

Because Plaintiff has been granted permission to proceed IFP, she is entitled to rely on the Court and the U.S. Marshals Service to effect service.[1]  *Walker v. Schult*, 717 F.3d 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all

---

[1] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within ninety days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served summonses and the complaint until the Court reviewed the complaint and ordered that summonses be issued.  The Court therefore extends the time to serve until ninety days after the date summonses are issued.

process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (stating that a court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP).

To allow Plaintiff to effect service on Defendants Staffing Boutique Inc. and Medrite LLC through the Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return forms ("USM-285 form") for these Defendants.  The Clerk of Court is further instructed to issue summonses and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon Defendants.

If the Complaint is not served within ninety days after the date the summonses are issued, Plaintiff should request an extension of time for service.  *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

Plaintiff also must notify the Court in writing if her address changes, and the Court may dismiss the action if Plaintiff fails to do so.

## II.  Conclusion

The Clerk of Court is instructed to issue a summons for each Defendant, complete the USM-285 forms with the address of each Defendant, and deliver all documents necessary to effect service to the U.S. Marshals Service.

The Clerk of Court is also directed to mail an information package to Plaintiff.

SO ORDERED.

Dated:    May 15, 2026
          New York, New York

_____
          JOHN P. CRONAN
          United States District Judge

2

**SERVICE ADDRESS FOR EACH DEFENDANT**

1.   Staffing Boutique, Inc.
     99 Hudson Street, 5th Floor
     New York, NY 10013

2.   Medrite LLC
     14 Windmen Court
     Spring Valley, NY 10977